[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Judgment of possession in this summary process action entered on behalf of the plaintiff landlord on April 2, 1990. The defendants were later allowed three stays of execution which totalled six months in the aggregate, the maximum period permitted by statute. Conn. Gen Stat. 47a-39. The parties are now before the Court on the defendants' writ of audita querela to further delay the issuance of execution.
The defendants are both age 70. Although Mrs. Connor is in good health, Mr. Connor has undergone major surgery twice since the entry of judgment in this action. In July he had a thyroidectomy for cancer of the thyroid gland. On September 12, Mr. Connor had his prostate removed. His activities are limited at the current time, although his prognosis is excellent and his doctor predicts he will be able to resume full activity at the beginning of November. Mr. Connor's ill health has prevented him from securing a new place to live. Mrs. Connor's ability to locate a new residence for them has been impaired by her care for her husband during his convalescence. They seek through the writ of audita querela to further stay execution until January 1, 1991. This is opposed by the plaintiff CT Page 2936 who would agree to a further stay only until the beginning of November.
A writ of audita querela is a post-judgment motion designed to postpone or prevent enforcement of a judgment because of equitable considerations. Norman Associates v. Vann, SPH 8302-17843 (1983) #437, Citing 2 Stephenson, Connecticut Civil Procedure, Sec. 209 (2d Ed.) Audita querela is an extraordinary remedy arising in equity to prevent the unconscionable use of a lawful judgment because of matters arising subsequent to the judgment. Westfarms Associates v. Kathy-John's Inc., SPH 8511-30901 (1986) #733, Citing Stephenson, Connecticut Civil Procedure, Sec. 209. The issue for the Court is that of comparative hardship.
Because of the defendant Earl Connor's serious health problems arising after the date of judgment in this action, he would suffer significant hardship if the writ of audita querela were denied and execution issued forthwith. The plaintiff brings this action in her capacity as trustee of a trust, the terms of which require her to liquidate the property. The plaintiff has acted reasonably and responsibly, in agreeing to stays of execution totaling six months in the aggregate. Understandably she objects to further delays beyond the beginning of November. However, the balance of hardship does favor the defendants. The loss to the plaintiff from a further stay, limited in duration, will not be significant. The defendants have never paid rent and plaintiff did not seek use and occupancy payments during the pendency of the action. Equitable considerations dictate that the defendants be given one final stay prior to the issuance of execution, to provide them with a short period of time after the recovery of Mr. Connor's health to vacate the premises.
The writ of audita querela is granted and it is ordered that summary process execution in this action shall not is issue until December 3, 1990.
CHRISTINE S. VERTEFEUILLE, JUDGE